# In the United States Court of Federal Claims

No. 19-1407
(Filed Under Seal: September 3, 2024)
(Reissued: September 10, 2024)[1]

```
**************************************
KANDI ARNHOLD, et al.,               *
                                     *
              Plaintiffs,            *
                                     *
      v.                             *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
**************************************
```

## MEMORANDUM OPINION AND ORDER

The plaintiffs, Kandi Arnhold, *et al.*, bring a putative class action against the United States alleging a violation of the Takings Clause of the Fifth Amendment and breach of contract stemming from increased EA-18G Growler flight operations by the United States Navy at an air strip on Whidbey Island, Washington. Before the Court is the government's second motion to compel discovery under Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC") regarding the plaintiffs' alleged physical and mental conditions. Def.'s Mot. to Compel [ECF 102]. The motion is fully briefed, *see* Pls.' Opp. [ECF 104]; Def.'s Reply [ECF 105], and a hearing on the motion was held on August 28, 2024.

RCFC 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" RCFC 26(b)(1).[2] Under Rule 401 of the Federal Rules of Evidence ("FRE"), "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401(a)-(b). Generally, "discovery allows the plaintiff to develop facts to support the theory of the complaint and allows the defendant to develop facts to support its defenses. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). In addition, "discovery is

---

[1] Pursuant to the Protective Order entered on June 10, 2020, [ECF 16-1], the Court issued this Memorandum Opinion and Order under seal on September 3, 2024, and provided the parties six days to propose redactions. *See* [ECF 113] at 3. On September 9, 2024, the parties filed a Joint Status Report stating that they agreed that no information needed to be redacted. [ECF 114] at 4-5. Accordingly, the Court reissues this Memorandum Opinion and Order without redactions.

[2] RCFC's discovery rules mirror the discovery rules set forth in the Federal Rules of Civil Procedure ("FRCP"). *See* RCFC 37 App. A ("RCFC 37 parallels the structure and content of [FRCP] 37"). The Court, therefore, refers to cases that have interpreted FRCP 37. *Algonac Mfg. Co. v. United States*, 458 F.2d 1373, 1376 (Ct. Cl. 1972); *accord Eden Isle Marina, Inc. v. United States*, 89 Fed. Cl. 480, 492 (2009).

designed to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." *Id.* Whether the responding party is the plaintiff or the defendant, it "must provide true, explicit, responsive, complete, and candid answers . . . directly and without evasion in accordance with information that [such] party possesses after due inquiry." *Lakeland Partners, L.L.C. v. United States*, 88 Fed. Cl. 124, 132 (2009) (internal quotation marks and citation omitted). If the responding party's answers are insufficient, the propounding "party may[, under RCFC 37(a)(1),] move for an order compelling disclosure or discovery." Rule 37 is "designed to encourage or secure compliance with the discovery rules, not to reward a party prevailing on a motion to compel." *Council for Tribal Emp. Rts. v. United States*, 110 Fed. Cl. 244, 248 (2013). "A trial court has wide discretion in setting the limits of discovery." *Schism v. United States*, 316 F.3d 1259, 1300 (Fed. Cir. 2002) (en banc) (internal quotation marks omitted); *accord New Orleans Reg'l Physician Hosp. Org., Inc. v. United States*, 122 Fed. Cl. 807, 820 (2015) (noting that in ruling on a motion to compel, "the court exercises broad discretion, guided by the court's rules").

In its motion, the government asks the Court to "order Plaintiffs to authorize the release of medical records responsive to Request for Production [("RFP")] No. 23 that are held by their medical providers." [ECF 102] at 15. Pertinent to the government's motion, RFP No. 23 requests that the plaintiffs "furnish any and all medical records associated with the diagnoses and/or treatment [of] the condition (if any)" that is identified in response to Interrogatory ("Int.") No. 20; and Int. No. 20 asks the plaintiffs to "[s]tate whether You claim to have experienced any physical condition or mental condition . . . as a result of jet noise and/or overflights[.]" *Id.* at 7. The government argues that these medical records are relevant, *id.* at 11, and that the plaintiffs' responses to date are "plainly deficient," *id.* at 10. Further, the government notes that, as of July 15, 2024, the plaintiffs had only produced 14 medical documents. [ECF 105] at 7. The plaintiffs state that they have "agreed to produce all responsive medical records that were actually in Plaintiffs' possession" but argue that they "were not generally in possession, custody, and control of many of their medical records." [ECF 104] at 10. The plaintiffs also oppose the government's motion on the ground that their "request for authorizations to obtain documents from Plaintiffs' third-party medical providers is too vague to be adequately evaluated," *id.* at 12, that the Court does not have the authority to compel plaintiffs to authorize the release of their medical records, *id.* at 14, that the request is "overbroad and disproportionate to the needs of the case," *id.* at 17, and that the government can obtain relevant medical information through other means, such as depositions, *id.* at 20.

As communicated to the parties during the August 28, 2024, hearing, the Court deems the government's motion disproportionate to the needs of the case. RFP No. 23 requests only those records relating to diagnoses or conditions resulting from the Navy's flight activities. The government's requested method of production—a broad authorization for medical providers to release responsive medical records—could result in the disclosure of irrelevant records. Furthermore, it is not necessary to compel all plaintiffs to authorize the release of medical records when the government is currently defending only against the claims of the bellwether

plaintiffs.[3] The responsive medical records of the bellwether plaintiffs are sufficient for immediate purposes.

That said, as discussed during the hearing, the information sought in RFP No. 23 is relevant and proportional to the needs of the case. It makes more sense, however, for the government to obtain the records directly from the bellwether plaintiffs. This approach will allow the plaintiffs to identify and obtain the responsive records from their respective medical providers and to review such records for privilege prior to producing them. Thus, in an exercise of its discretion and as discussed during the hearing, the Court orders the plaintiffs to provide the documentation requested by the government in RFP No. 23, but only as it relates to the bellwether plaintiffs who responded affirmatively to Int. No. 20. *See Hall v. United States*, 167 Fed. Cl. 226, 234 (2023) (holding that the plaintiffs had to produce the "plausibly relevant" documents requested by the government absent a showing that the requested discovery was disproportionate to the needs of the case).

Accordingly, the government's motion to compel [ECF 102] is **DENIED**.[4] The parties **SHALL CONFER AND FILE**, on or before **September 9, 2024**, a joint status report addressing the additional discovery contemplated in this Memorandum Opinion and Order. The report shall include (i) the government's specifications as to the types of medical records it seeks, and (ii) a proposed schedule for the extension of fact discovery and expert medical report deadlines.

Some information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered on June 10, 2020, [ECF 16-1]. Accordingly, it is filed **UNDER SEAL**. As part of the joint status report to be filed on **September 9, 2024**, the parties **SHALL NOTIFY** the Court of any proposed redactions. Such notice shall explain the basis for each proposed redaction and include an attachment with the proposed redactions for this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[3] The parties argue that Rule 34 either permits (the government's argument) or precludes (the plaintiffs' argument) the type of relief the government proposes in this case. *See* [ECF 102] at 14-15; [ECF 104] at 14-17. However, because the Court concludes that compelling the production the government seeks is disproportionate to the needs of the case, the Court need not address this issue beyond recognizing that the federal courts are split on whether the rule grants them the authority to issue such an order, and on whether such records are within the plaintiffs' control. *See Scott v. City of Bismarck*, 328 F.R.D. 242, 246-50 (D.N.D. 2018) (discussing cases ruling on whether courts have the authority to require the execution of records releases). Further, the Court notes that it has been unable to locate any case dealing with the compelled release of medical records in the context of an alleged violation of the Fifth Amendment's Takings Clause.

[4] The Court further determines that an award of expenses under RCFC 37(a)(5)(B) would be unjust because the government's motion to compel was substantially justified. Despite denying the government's motion, the Court finds that it nevertheless will result in the plaintiffs producing responsive medical records for the bellwether plaintiffs. Under these circumstances, the Court concludes that an award of expenses would be unjust.